UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN HAN, an individual, | Case No. 11-CV-831-JM (JMA) |
| Plaintiff, | **ORDER DENYING DEFENDANT HUAWEI'S REQUEST FOR AN ORDER REQUIRING PLAINTIFF TO ALLOW HUAWEI TO COPY THE HARD DRIVES OF HER PERSONAL COMPUTING DEVICES [Doc. No. 22]** |
| v. | |
| FUTUREWEI TECHNOLOGIES, INC., etc., et al., | |
| Defendants. | |

Presently before the Court is a Joint Motion for Determination of Discovery Dispute ("Joint Motion" or "Joint Mot."), in which Defendant Futurewei Technologies, Inc. d/b/a Huawei Technologies (USA) ("Huawei") seeks an order requiring Plaintiff Jun Han ("Han") to allow Huawei to copy the hard drives of her personal computing devices. (Doc. No. 22.) For the reasons set forth below, Huawei's request is **DENIED**. The Court instead adopts Han's proposed protocol for the production of information from her personal computing devices.

**I.     BACKGROUND**

Han initiated this action on March 9, 2011 by filing a Complaint in the Superior Court of California, County of San Diego against Huawei, her former employer, and Jiangao Cui, her former supervisor, alleging harassment, retaliation, wrongful termination in violation of public policy, and other employment-related claims. (Doc. No.

1-1 at 2-38.) On April 20, 2011, Defendants filed an Answer and removed the action to this Court. (Doc. No. 1.) On August 2, 2011, Huawei filed a motion for leave to amend pleadings to assert a counterclaim against Han for various claims related to Han's alleged copying, removal, and deletion of files from her company-issued laptop. (Doc. No. 15.) Han has filed an opposition to the motion. (Doc. No. 23.) The motion is presently set for hearing on September 19, 2011.

Huawei states that in performing their due diligence with respect to the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1), Defendants engaged a computer forensic firm to analyze the contents of Han's company-issued laptop. (Joint Mot., Doc. No. 22 at 7.) Upon doing so, Defendants "discovered for the first time that Han had systematically and intentionally copied, removed, and deleted *thousands* of files from her company-issued laptop" on July 2, 2010, shortly before Huawei terminated her employment. (Id. [emphasis in original].) Huawei suspects that Han stole confidential and proprietary information belonging to the company, and thus seeks an order permitting expedited discovery of Han's personal computing devices. (Id. at 8.) Specifically, Huawei requests that the Court implement the following protocol:

> 1. The inspection and copying of Han's personal computing devices will be conducted by Defendants' forensic expert, Huron Consulting Group ("Huron").
>
> 2. Han will provide any and all personal computers and external storage devices that were used by Han or anyone acting on her behalf during her employment with Huawei ("the devices") to Huron by no later than the close of business on a date to be determined by the Court.
>
> 3. Huron will image and return the devices as expeditiously as possible. Han will leave the devices in the custody of Huron for the time period necessary to image the devices . . . . A copy of the imaged devices will be provided to Plaintiff's computer forensic firm, at Plaintiff's expense.
>
> 4. All parties agree that Defendants, their counsel, and other representatives of Defendants, excluding Huron, will not access the devices or ESI [electronically stored information], except . . . pursuant to Court order.
>
> 5. Huron's imaging will capture all data and ESI contained on the devices, including, but not limited to, active files, deleted files, and the unallocated drive space.
>
> 6. Huron will analyze the devices to determine the presence of Huawei

files or data.

7. On a date to be determined by the Court, Plaintiff's counsel will provide a list of search terms to Huron containing the names of any and all individuals with whom Plaintiff may have had attorney-client privileged communications. Any documents containing these search terms will not be disclosed to Defendants. Instead, the identified documents will be placed on a privilege log, and the log will be provided to counsel for Huawei.

8. Following the complete analysis of the computer, findings will be reported to Defendants.

9. Huron and its representatives agree that they will not divulge any of the contents of Han's Confidential Material to defense counsel, Defendants, or their representatives.

10. If Huron has questions regarding whether any particular information is Confidential Material, Huron will communicate with both Plaintiff and defense counsel jointly via conference call in regard to any such questions.

11. Huron shall destroy all data and images regarding this matter in its possession within five business days after being notified in writing or electronic mail by counsel for each party that the case has been resolved or finally adjudicated.

(Id. at 9-10.)

Han states, in response, that she had been asked to return her company-issued laptop, and prior to doing so, "cleaned up the hard drive and removed incidental personal files, as well as copied several files under an assumption she would receive a new computer." (Id. at 19.) She states that at that time, "[s]he did not know the company was gearing up to fire her." (Id.) Han objects to the protocol presented by Huawei on the basis that it "improperly entrusts Defendants alone to determine what is privileged or relevant, and denies Plaintiff's counsel reciprocity to the data sought or the laptop that sparked the [counterclaim]." (Id.) She also argues that her personal computer contains attorney-client privileged communications, attorney work product, and information in which she has a strong privacy interest, including correspondence with friends and family, online banking information, and other private data and passwords. (Id. at 20.) Han proposes the following alternate protocol for producing information from her personal computing devices to Huawei:

1. Plaintiff Jun Han will provide counsel for Huawei a list of all relevant documents on Ms. Han's personal computer as determined by Plaintiff Han's Certified Forensic Computer Examiner. Relevant documents will be defined as those copied or otherwise transferred as alleged in Huawei's Motion for Leave to Amend Pleadings, Docket item [15].

2. Plaintiff Jun Han will provide counsel for Huawei a copy on cd of all such documents retrieved by Plaintiff's Certified Forensic Computer Examiner.

3. Plaintiff Jun Han will have her Certified Forensic Computer Examiner work with Huawei's forensic computer examiner on any further protocols needed, and Huawei will have its Certified Forensic Examiner work with Plaintiff Han's forensic computer examiner on any further protocols needed.

4. Plaintiff Jun Han, her counsel, and her Certified Forensic Computer Examiner are not to otherwise copy, forward, disclose, disseminate, sell, license, lease, transfer, make any use of, attempt to disclose or use, access or dispose of any of Huawei's confidential, proprietary or trade secret information, specifically including any information that Han downloaded or copied that is not publicly available, without first filing with the magistrate [judge] under seal a request to do so. This prohibition shall not apply to Han making her personal computer(s) or external storage devices available for forensic review by Defendants as agreed by the parties or otherwise ordered by the court. This prohibition shall also not prevent Plaintiff Han from defending any allegations by Huawei against her as related to the proposed Counterclaim filed as Docket item [15].

. . . .

(Id. at 23-24.) Huawei deems Han's proposal unacceptable because it would require Huawei to rely upon the representations of Han's computer experts. (Id. at 9.)

## II.    LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which requires the court to limit the frequency or extent of discovery otherwise allowed if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(i). Under Rule 34, a party may request, within the scope of Rule 26(b), that any other party produce and permit the requesting party to test or sample the materials

sought under the rule in addition to inspecting and copying them. Fed. R. Civ. P. 34(a)(1). However,

> [a]s with any other form of discovery, issues of burden and intrusiveness raised by requests to test or sample can be addressed under Rules 26(b)(2) and 26(c). Inspection or testing of certain types of electronically stored information may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information *is not meant to create a routine right of direct access to a party's electronic information system*, although such access might be justified in some circumstances. *Courts should guard against undue intrusiveness resulting from inspecting and testing such systems.*

Fed. R. Civ. P. 34 Advisory Comm. Notes, 2006 Amendment (emphases added). "[C]ompelled forensic imaging is not appropriate in all cases, and courts must consider the significant interests implicated by forensic imaging before ordering such procedures." John B. v. Goetz, 531 F.3d 448, 460 (6th Cir. 2008).

### III. DISCUSSION

#### A. Huawei's Request for Discovery on an Expedited Basis is Premature and Unwarranted

The Court first observes that the discovery sought by Huawei bears no relevance upon the claims and defenses presently in the case, and thus does not fall within the scope of discovery permitted under Rule 26(b)(1). Huawei's request is therefore premature. That the parties are in litigation, and that Huawei *suspects* Han stole confidential and proprietary information belonging to the company, does not give Huawei the unfettered right to seek whatever it wishes from Han. The information sought by Huawei will not be relevant to the claims and defenses in this case until and unless the district judge grants Huawei's motion for leave to amend pleadings to assert a counterclaim against Han.

Furthermore, given the Court's August 9, 2011 Order Granting Joint Motion for Entry of Order, which prohibits Han from copying, disclosing, or disseminating any of Huawei's confidential or proprietary information, specifically including information Han downloaded or copied that is not publicly available, the Court finds that any exigency

1 concerning Han's alleged possession of Huawei's company documents has been
2 eliminated.  There is no need for the Court to allow "expedited discovery" in this
3 instance.

### B. Huawei Has Provided No Evidence or Authority Justifying Its Proposed Protocol

Notwithstanding the Court's finding that the discovery sought by Huawei is not relevant to any of the claims or defenses presently asserted in this case, the Court now addresses the merits of the parties' proposed protocols, as Han has demonstrated a willingness to partake in some kind of protocol to provide Huawei with the information it seeks.

As set forth above, Huawei's request to copy the hard drives of Han's personal computing devices is premature.  It is premature not only because Huawei presently does not have a counterclaim pending against Han, but because Huawei has not demonstrated that obtaining mirror images of Han's computing devices is necessary or justified.  Huawei has not established that Han is in the wrongful possession of any company documents, or that the copying and "wiping" of files from her work laptop was improper or malicious.  Although Huawei attempts to place Han's alleged actions under a cloud of suspicion, it has not provided an expert declaration or any other evidence supporting a conclusion that Han was doing anything other than what any conscientious employee would do when asked to return a company-issued computer.  Huawei has provided no evidence or argument demonstrating the alleged copying, removal, and deletion of files was at all unusual or unexpected.  It is perfectly conceivable that Han was "cleaning up" her laptop by, for example, deleting personal emails or files, deleting files no longer needed, or copying important files for placement on the new work laptop she expected to receive.  Additionally, Huawei has not provided any employment agreements or work policies prohibiting the transfer or deletion of company files from one computer to another.  Huawei simply assumes that because files were copied, transferred, and deleted, Han was necessarily engaged in nefarious conduct.  Such an

unsupported assumption does not entitle Huawei or its expert to unlimited access to Han's personal computing devices.

Furthermore, following Huawei's proposed protocol would lead to the inspection by Huawei's expert of non-responsive, irrelevant, and privileged information. Although Huawei has not provided the Court with copies of the subject discovery requests (assuming it has even served discovery requests), Huawei is presumably seeking the return of any of its confidential and proprietary information, as well as information about what Han may have done with the information she copied or transferred. There is a more convenient, less burdensome, and less expensive way for Huawei to obtain what it wants — to serve discovery requests, including interrogatories and document requests, asking for this information. See Fed. R. Civ. P. 26(b)(2)(C)(i); see also Slater & Assoc. Ins., Inc. v. Roork, 2007 WL 3026944 (D. Ariz. 2007) (allowing mirror imaging of Defendants' hard drives only if Defendants failed, through the discovery process, to return company documents and to provide affidavit avowing that all company materials had been returned). Huawei has provided no argument or justification for immediately jumping to the step of copying Han's personal computing devices, except for its statement that it does not wish to rely upon the representations of Han's experts. (Id. at 9.) A requesting party, however, must rely on the representations of the producing party or its representative that it is producing all responsive, relevant, and non-privileged discovery. See Qualcomm Inc. v. Broadcom Corp., 2008 WL 66932, at *9 (S.D. Cal. 2008) ("The Federal Rules of Civil Procedure require parties to respond to discovery in good faith[.]"). That is the way our "good faith" discovery system works.

The protocol presented by Huawei would result in the needless accessing by Huawei's expert of Han's personal information, and would be unduly burdensome upon Han. The authorities considered by the Court demonstrate that courts generally permit mirror imaging only when a responding party's discovery responses have been incomplete or inconsistent. See, e.g., In re Weekley Homes, L.P., 295 S.W. 3d 309, 317 (Tex. 2009) (observing that under federal case law, direct access to a party's

electronic storage device requires a showing by the requesting party that the responding party has "defaulted in its obligation to search its records and produce the requested data"); Balfour Beatty Rail, Inc. v. Vaccarello, 2007 WL 169628 (M.D. Fla. 2007), at *3 (denying access to responding party's hard drives when requesting party failed to show that responding party had not complied with its discovery obligations). There has been no such showing here.

Although there are cases in which courts have permitted mirror imaging of an opposing party's computers, Huawei has cited none of these, and the cases found by the Court are distinguishable. For example, in Orrell v. Motorcarparts of Am., Inc., 2007 WL 4287750 (W.D.N.C. 2007), the court allowed the employer defendant to conduct a forensic examination of the plaintiff's home computer, but only after the plaintiff provided deposition testimony that it was her practice to forward emails from co-workers, supervisors, and customers, which constituted evidence relevant to her harassment claims, to her home computer for storage, and only after the Court determined that the plaintiff's prior productions were deficient. In Ameriwood Indus., Inc. v. Liberman, 2006 WL 3825291 (E.D. Mo. 2006), the court permitted mirror imaging of the defendant's computers upon finding a sufficient nexus between the plaintiff employer's claims that the defendants, its former employees, had improperly used the plaintiff's computers to divert plaintiff's business to themselves, and the need to mirror image the defendants' hard drives, and because the court had cause to question whether the defendants had produced all documents responsive to discovery served. These cases demonstrate that while it is *possible* Huawei may, at a later juncture, be entitled to copy the hard drives of Han's personal computing devices, it will only be permitted to do so upon a more substantial showing than it has made here.

The protocol proffered by Han takes into account the significant privilege and privacy interests implicated in this case, is reasonable at this stage of the case, and follows the convention under the Federal Rules that the party *responding* to discovery determines what is relevant, responsive, and protected by privilege or privacy interests.

1  A very similar protocol was adopted in Coburn v. PN II, Inc., 2008 WL 879746, at *4-5
2  (D. Nev. 2008) (requiring mirror image of plaintiff's hard drives to be provided to
3  *plaintiff's* counsel, who was then to "print and review any recovered documents and
4  produce to defendants those communications that are responsive to any earlier request
5  for documents and relevant to the subject matter of this litigation", and providing for
6  *plaintiff's* counsel to be the sole custodian of the mirror image throughout the course of
7  the litigation.).  Therefore, the protocol proffered by Han will govern the production of
8  the materials sought by Huawei from Han relating to the alleged copying, transferring,
9  and/or deleting by Han of Huawei company information.  As with any discovery, all
10 documents that are withheld on a claim of privilege shall be recorded on a privilege log.

**IV.   CONCLUSION**

Huawei has provided no authority or argument upon which the Court can presently find that it should be permitted to copy the hard drives of Han's personal computing devices, on an expedited basis or otherwise.  The Court therefore cannot find that Huawei's proposed protocol is presently justified.  Accordingly, Huawei's request for an order requiring Han to allow Huawei to copy the hard drives of her personal computing devices is **DENIED**.  Instead, the Court adopts Han's proposed protocol for the production of materials from her personal computing devices.

**IT IS SO ORDERED.**

DATED: September 15, 2011

_____
Jan M. Adler
U.S. Magistrate Judge

11cv831