**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUN HAN, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FUTUREWEI TECHNOLOGIES, INC. a Texas corporation d/b/a HUAWEI TECHNOLOGIES CO., LTD.; JIANGAO CUI, an individual; and DOES 1 through 100,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 11-CV-831-JM (JMA)<br><br>**ORDER GRANTING DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S MOTION FOR LEAVE TO ASSERT COUNTERCLAIMS** |

Plaintiff Jun Han brought a complaint against Defendants in California Superior Court on March 9, 2011. Her claims are based on allegations of harassment and sex discrimination by Defendants Futurewei Technologies, Inc. dba Huawei Technologies (USA) ("Huawei") and Jiangao Cui that led to termination from her employment. On April 20, 2011, Defendants removed the case to this court based on diversity jurisdiction, and Huawei now moves for permission to assert counterclaims. Han opposes Huawei's motion and has also requested that the court strike portions of Huawei's memorandum in support of its motion for leave to amend.

Because leave to amend should be freely granted and Han has not demonstrated any strong reason to deny the motion, the motion is hereby GRANTED. Han's request to strike portions of Huawei's memorandum is DENIED.

**I.    BACKGROUND**

Defendant Huawei offered Plaintiff a position as the Senior Director of Sales and

1  Marketing in its San Diego office on April 15, 2009.  Compl. ¶ 30.  Han alleges that Defendant
2  Cui subjected her and other employees of Huawei to verbal abuse and that complaints to
3  management about such behavior "were not well received." ¶¶ 32-33.  According to the
4  complaint, Cui was required to hire only young, white males for account manager positions.  ¶ 34.
5  Plaintiff claims that few women worked in positions of power at Huawei, and those who did often
6  quit or were terminated based on complaints about their treatment.

7  On May 26, 2010, Han fell and injured herself while on a business trip.  ¶ 44.  Over the
8  next few months, Han missed a great deal of work, allegedly in part due to physical manifestations
9  of stress arising out of hostile treatment by management.     ¶ 46.  She believed her job might be in
10 jeopardy during this time but received little straightforward information from Defendants. ¶¶ 48-
11 53.  When Han attempted to return to work on August 2, 2010, her company computer was
12 missing and her belongings were reorganized.  She called Cui, who informed her she had been
13 terminated.  ¶¶ 54-55.

14 Han claims that she experienced emotional distress and anxiety because of Defendants'
15 treatment of her, that Huawei management made false statements about her to prospective
16 employers, and that the real reason for her termination was her complaints about Huawei's
17 discrimination and hostile work environment.  ¶ ¶ 58-59.

18 The complaint consists of eight claims predicated upon harassment, retaliation, infliction of
19 emotional distress, defamation, and wrongful termination. ¶¶ 63-114.  Defendants removed the
20 action to this court on April 20, 2011.

21 Huawei now moves to file counterclaims alleging Han illegally copied and deleted various
22 files from her company-issued laptop during the summer of 2010.

23 **II.    LEGAL STANDARD**

24 A counterclaim must be filed in a pleading if the counterclaim arises out of the same
25 transaction or occurrence as the opposing party's claim and does not require the addition of
26 another party over which the court cannot acquire jurisdiction.  Fed. R. Civ. Pro. 13(a).  However,
27 Rule 13(e) allows the counterclaim to be added in a supplemental pleading if it matures or is
28 acquired after service of an earlier pleading.  If the pleading is not amended within twenty-one

1  days of service of the complaint or responsive pleading, the proposed 13(e) counterclaim must be
2  analyzed under Fed. R. Civ. Pro. 15(a)(2), which provides that "[t]he court should freely give
3  leave when justice requires."
4        The court's decision when analyzing a motion to amend should "be guided by the
5  underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or
6  technicalities," and should be applied with "extreme liberality." United States v. Webb, 655 F.2d
7  977, 979 (9th Cir. 1981). Courts generally examine four factors when deciding a motion for leave
8  to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.
9  Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Whether the parties have previously
10 amended the pleadings is also relevant. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

11 **III.    DISCUSSION**

12 **A.  Same Transaction or Occurrence**

13       Plaintiff argues that the counterclaims are permissive because Huawei's allegations "arise[]
14 out of an entirely different or independent transaction or occurrence that [sic] those alleged by
15 Plaintiff in her operative complaint." However, the court has the discretion to allow the
16 counterclaims regardless of whether it is found to be compulsory or permissive. See
17 Magnesystems, Inc. v. Nikken, Inc., 933 F.Supp. 944, 952 (C.D. Cal. 1996). Even if the
18 counterclaims were found to be permissive, the analysis below justifies the two sets of claims
19 being combined into one case.
20       The Ninth Circuit applies the "liberal 'logical relationship' test to determine whether two
21 claims arise out of the same transaction or occurrence." Pochiro v. Prudential Ins. Co. of America,
22 827 F.2d 1246, 1249 (9th Cir. 1987). In applying the test, the court should look to whether the
23 "essential facts of the various claims are so logically connected that considerations of judicial
24 economy and fairness dictate that all the issues be resolved in one lawsuit." Id.
25       Han's argument that the proposed counterclaims are unrelated to the transaction(s) giving
26 rise to her claims ignores the chronology of alleged events. Han's wiping and copying of
27 computer files allegedly occurred on July 2, when the company requested that she return the
28 laptop. This occurred only days after Han allegedly began to receive indications her employment

1  status was in doubt and was likely in response to her concern over termination.  This entire series
2  of events surrounding her termination is related under the Ninth Circuit standard.

### B.  Maturity of Claim

Plaintiff suggests that Huawei may have had knowledge of Han's alleged actions well before it filed the motion to amend, but aside from calling the proposed amendment "an offensive tactic to distract from [Huawei's] defensive posture," sets forth no compelling argument as to why Huawei had a responsibility to examine the laptop for questionable activity.

Because Han's alleged wiping and copying of computer files were "by [their] nature, secret, it would defy logic and basic notions of fairness to hold that the claim accrued when the act occurred, rather than when its victim became aware of it."  Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 690 (E.D. Cal. 2009).  In Kuschner, the court based its decision in part on when the statute of limitations began to run for the action in question.  Id. In this case, as in Kuschner, the statute of limitations begins to run on "the date of discovery of the damage."  Cal. Penal Code 502(e)(5).  For these reasons, Plaintiff's argument that the claims matured before the original pleading fails.

### C.  Bad Faith, Delay, Prejudice, and Futility

#### 1. Bad Faith

Plaintiff does not argue that Huawei acts in bad faith other than by obliquely suggesting Huawei is using an "offensive tactic."  Certainly, whether a counterclaim is validly brought or is a mere tactic rests in the eye of the beholder.  Such a claim should not be summarily barred merely because it has been characterized as a "tactic" by the party against whom it is brought.

#### 2. Undue Delay

The Ninth Circuit examines "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" when examining the timeliness of a motion to amend.  An eight-month delay between discovery of a claim and a motion to file the claim has been held to be unreasonable.  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006).

Here, Han makes no argument concerning undue delay apart from her claim the

counterclaims are a tactic.  The motion to amend was filed less than five months after the complaint was filed in state court and approximately two months after Huawei claims to have discovered Han's actions.  Huawei states that this discovery was made when it hired a computer forensic firm in connection with disclosures required by the already-existing litigation.  On this record no undue delay has transpired.

### 3. Prejudice

Han argues she will be prejudiced if the court allows Huawei to add its counterclaims, claiming that addition of the claims will "create nothing more than a sideshow."  The Ninth Circuit has found prejudice when a plaintiff attempted to add a new theory of liability at the summary judgment stage, after the close of discovery.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (noting that the "complaint guides the parties' discovery," and a new theory of liability at a late stage would create different burdens and defenses for defendant).  See also City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011) (affirming district court's finding of undue prejudice when plaintiff sought to amend complaint for the fourth time and defendant had already deposed five out of six key witnesses).

Han does not explain how litigation of these claims will create prejudice and cites no authority in support of her argument.  Although the counterclaims will introduce new issues, a plaintiff has no right to pre-emptive protection from counterclaims merely because she wishes the litigation to focus on her own claims.

### 4. Futility of Amendment

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (noting that this is the same test as applied to a 12(b)(6) challenge).  Under Bell Atl. Corp. v. Twombly, 12(b)(6) dismissal is inappropriate unless the complaint fails to "state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).  It is unlikely that any of the proposed counterclaims would be dismissed, given the specific factual allegations made by Huawei.  The six causes of action, each assessed below, include: (1) violation of 18 U.S.C. §1030; (2) violation of Cal. Penal Code §502; (3) breach

of the duty of loyalty; (4) conversion; (5) breach of contract; and (6) breach of the implied covenant of good faith and fair dealing.

Huawei has presented a claim for violations of 18 U.S.C. §1030, which may be brought in a civil suit under subsection (g) as long as there is a loss of at least $5,000. <u>LVRC Holdings LLC v. Brekka</u>, 581 F.3d 1127, 1132 (9th Cir. 2009). Huawei has alleged sufficient facts to make a $5,000 damage claim plausible. Furthermore, Defendant has likely stated a claim under Cal. Penal Code §502, which prohibits access and use of information taken from a computer without permission. Cal. Penal Code §502©)). <u>See Facebook, Inc. v. ConnectU LLC</u>, 489 F. Supp. 2d 1087, 1091 (N.D. Cal. 2007).

A breach of loyalty claim arises when the employee "takes action which is inimical to the best interests of the employer." <u>Stokes v. Dole Nut Co.</u>, 41 Cal App. 4th 285, 295 (Cal. App. 3 Dist.1995). While it is arguable that Han had been de facto terminated at the point she allegedly breached her duty of loyalty, she has made no argument to that effect, and the facts viewed in the light most favorable to Huawei call for allowing the claim.

Huawei has also sufficiently pled a claim of conversion. Conversion requires plaintiff's ownership of property, a wrongful act toward that property interfering with possession, and damage to plaintiff. <u>PCO, Inc. v. Christensen, Miller, Fink, Jacovs, Glaser, Weil, & Shapiro, LLP</u>, 150 Cal. App. 4th 384, 395 (Cal. App. 2 Dist. 2007). Here, Huawei has alleged that the company owned information contained on the computer, that Han copied and erased some or all of that information, and that her action caused damages.

To claim breach of contract, the pleading party must allege (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages. <u>EPIS, Inc. v. Fidelity and Guaranty Life Ins. Co.</u>, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001). Here, Huawei has clearly alleged that a contract existed between the parties, that it performed by providing employment, that Han breached the contract by taking secret information, and that Huawei was damaged by her actions. Likewise, Huawei has sufficiently alleged a claim for breach of the implied covenant of good faith and fair dealing—the implied covenant exists with every contract and the pleading party must allege actions of the opposing party that "injure the

1  right of the other to receive the benefits of the agreement." <u>Camp v. Jeffer, Mangels, Butler &</u>
2  <u>Marmaro</u>, 35 Cal. App. 4th 620, 631 (Cal. App. 2 Dist. 1995).

3  **IV.    CONCLUSION**

4      Huawei's motion for leave to file its proposed counterclaims is GRANTED and the
5  counterclaims are deemed filed as of the date of this order.  Han shall have thirty days to file a
6  responsive pleading.  Han's request to strike portions of Huawei's memorandum is DENIED.

7      **IT IS SO ORDERED.**

8  DATED: October 28, 2011

9      _____
10      Hon. Jeffrey T. Miller
    United States District Judge